Good morning for the first case this morning. It's the case of Worthen v. Power Gas, case number 514-0436. Justice Goldenhirsch is not here this morning, but he will listen to the arguments and the briefing. Mr. Prince? Thank you. Good morning. May it please the Court. The issue that we're here to discuss today is whether the Dram Shop Act preempts the plaintiff's cause of action for negligent hiring or retention of an employee solely because it involves the sale of liquor to a person it knows to be underage. We raised some other issues in the trial court, but this is the only issue that we are focusing on in this appeal. The answer, I think, as we get through with our discussion today, will become very apparent that the Dram Shop Act does not preempt our common law cause of action. There are two points of law that I think are important here, and I want to start with those because that will tie in then to the argument that I will make. The first point is, and we concede this, we have to concede this, it's very well established. The common law does not recognize a cause of action against a person or tavern that sells or provides alcohol to another, even if it's a minor. The second point of law that we're going to be discussing today is, and I believe this is also clear now in light of some of the more recent Supreme Court decisions, the Dram Shop Act broadly preempts claims arising from a defendant's provision of alcohol to another. The Dram Shop Act, however, does not preempt claims based on legal theories independent from the defendant's provision of alcohol. It's our position today, and it's been in our brief and in the trial court, that our cause of action for the negligence of hiring or the retention of their employee arises independently of the Dram Shop Act. To help us put this in context, I just want to take a few minutes and talk about the – I think the most important facts. The defendant is a convenience store that also sells liquor. Technically, I think they're a Dram Shop. On the date of this incident, which was Halloween 2012, Garrett Worthing was 20 years old. He was born on November 29, 1991. On that date, the defendant's employee sold him liquor. He drank the liquor, and as one might expect, bad things happened. He got drunk. His blood alcohol, according to the medical records, was in excess of .08, suffered some very serious injuries. Now, what's really important for us is this fact. Before Halloween 2012, this same employee had sold Garrett liquor before. Garrett's mother found out about it, went to the store, confronted the manager and the employee, and said, This kid's underage. You've broken the law. You've served him alcohol. Do not do it again. And that's all alleged in your complaint.  And which we take as true for purposes of this appeal since it was dismissed on motion. Is that right? That is correct. Yes, sir. Mr. Prince, may I ask you a question? Yes. The defendant cites a number of cases, including Siegfried and Ruth. I believe that's the other case, yes. So how does this case differ? How is it different than most cases? To be honest with you, the most concerning case to me was the Puckett v. Mr. Lucky's. You read the defendant's brief, and you read the case, the facts are fairly similar to the facts that we are now discussing in this case. But before I talk about Puckett, let me talk about the Charles v. Siegfried case. I think that's a seminal case that recognizes, well, it doesn't recognize, it declines to recognize social host liability. But I think that it leaves open the fact that if there is some particular set of facts alleged, then they would consider that. And then we fast forward to 2003, the Wakulich decision, and that's where the court starts announcing the proposition that if a legal theory is independent of the Dram Shop Act, then it's not preempted by the Dram Shop Act. Wakulich involved drinking at a private residence. A young girl became drunk. I think she was 16 or 17 years old, started vomiting profusely. She passed out. The hosts refused to call 911, refused to get her to professional medical assistance, and in fact, I think they even prevented people from calling 911. Instead, they took it upon themselves to care for this person. The Supreme Court said under those facts, even though it involved the consumption of alcohol, the consumption of alcohol was not the primary thrust of the complaint. It was their voluntary undertaking to provide medical care. And when you undertake something voluntarily where no duty otherwise exists, you have to perform that duty in a non-negligent manner. They said, the Supreme Court said that stated the cause of action because it arose independently. Seven or eight years later, 2010, we have another pronouncement from our Supreme Court in the Simmons v. Fomadis case. The facts in that case, and normally I don't like to take the time to talk about the facts, but they're important to help us put into context the Supreme Court's decision. In the Simmons case, Fomadis, a defendant, was drinking at a strip club. It was a bring-your-own beer, so technically, the strip club didn't qualify as a dram shop under the act. Fomadis, I guess for lack of a better word, the AIP, consumes a lot of alcohol he brings. He's drunk. The staff at the strip club encourages him to drink. Drunker, more money spent. He becomes so drunk that they kick him out. They bring his car to him, put him behind the driver's wheel and say, get out. Predictably and unfortunately, a few minutes later, he causes a collision, kills mom, an unborn baby, and I think severely injures another. Suits filed. Defendant is moved to dismiss because the dram shop act is the exclusive remedy against the tagger in the common law rule of non-liability. The Supreme Court said their cause of action arises independently of the provision of alcohol. It arises independently of the dram shop act. Because they have a duty, when they know that their patron is so far gone, not to put him behind the wheel, not to encourage him to keep drinking. They have a common, they have a duty to protect their persons from people who they know are drunk. In both of those cases you just talked about though, what the court said was, this is not about the provision of alcohol. Correct. You know, this is about taking care of a person who's in some kind of distress. And, you know, so it's a little bit different. You know, how is this case different, you know, it seems like this case is different because it is about the provision of alcohol. It's not different in my opinion. Because we are still broadly talking about the duty to protect someone. In this case, you know, the defendants rely on this public case. But in our case, the primary thrust of our cause of action is not the sale of alcohol to a minor. It's not the fact that they violated the criminal law by selling to an underaged person. It's the fact that the defendants put an employee in place to work for them, that includes selling alcohol, when they knew that he had a propensity to provide alcohol to minors, to break the law. Now, granted, I may be trying to walk a fine line there, but it's a line that can be walked. And it's one that needs to be walked. Isn't that similar to the facts in the Ruth case where the minor was served? Ruth? I thought Ruth involved – let me see. I think Ruth involved a situation where a minor was served. And I think the court held that under those circumstances, if their common law cause of action would arise independently of the Dram Shop Act, then they could stay a cause of action. Again, and also in Ruth, they weren't – I don't think the court addressed this – and in Puppet, too. The court didn't address the specific issues that we are presenting. Does the common law or does the Dram Shop Act for easy prohibit a legal theory that arises independently of the Dram Shop Act? Well, I think in the Ruth case, the action was for willful and wanton misconduct and for intentional conduct. Here, it's negligent retention. And in Ruth, they were arguing – essentially, they were asking the court to overrule the common law rule against non-liability. They were asking for an exception for willful and wanton because that involved the sale of alcohol to a minor. They didn't present the issue that's here. They didn't plead anything. They didn't – best I can tell from the arguments in the case, they didn't argue that their cause of action arose independently of the Dram Shop Act. They just confronted the Charles v. Siegfried and the long line of cases head on and saying this is wrong. Social policy dictates that we must change this. And the court there, as the Supreme – they – and Wachowicz noted that while we may agree with that it's wrong social policy, we can't do anything because that's a question for the General Assembly to address. The General Assembly hasn't addressed it. So we're here now talking about whether a cause of action arises independently. Now, granted, it's a way to get around the Dram Shop Act, but that's what the law is. I think that the similarity I was thinking of in the Ruth case was that the mother – the allegation was that the mother had also warned, and there was a serving after that warning. I think that you're absolutely correct about that. But it brings me back to the point that they didn't address this specific issue. The theory, the question presented to the court was let's carve out an exception to the common law rule of non-liability. I'm not here asking you to do that. As much as I want to, as much as I think we need to do so, the Supreme Court has declared that that's – they're not going to address that issue. It's an issue for the General Assembly. Until the General Assembly corrects that problem, we're – this is the legal analysis that we're stuck with. But, again, Ruth doesn't present this issue. Puckett – now, I've mentioned Puckett a few times. I'm probably going to talk about Puckett. You don't like Puckett. I do not like Puckett. The defense does like Puckett. Puckett has facts even more closely on point than the Ruth case does. But, again, just like in Ruth, Puckett doesn't address this issue. The plaintiff there is, again, arguing for an exception to the common law rule of non-liability. From reading the case, it doesn't appear as if the plaintiff ever argued that there was a common law cause of action that arose independently of the Dramchop Act. Again, he was confronting the common law rule of non-liability head-on, saying we need to do away with it. The court declined to do so and instead said we're going to follow the long line of precedent from the Illinois Supreme Court that says there's no common law liability for serving alcohol to another, even a minor. And wasn't that case involving an allegation about an unfit employee on a negligence basis? It did, but they still did not present the same argument that we did. Interestingly, also, that case was decided in 1988. That was before the Illinois Supreme Court decided McCoolidge, I may not be pronouncing that case name correctly, and Simmons, 2003 to 2010. It was after that decision that I think we start seeing the Illinois Supreme Court with this analysis, well, does a legal theory arise independently? Puckett was decided before that line. So I think it's distinguishable in two forms. Number one, it was decided before McCoolidge announced a different, you know, that may be too strong. They would find their analysis on how to evaluate whether there's preemption under the Dramchop Act. And number two, they didn't address the issue that we are specifically presenting to the court. With the negligent retention and hiring cause of action, the duty is to not put an unfit person in place to do harm to a third person or to the public. That's the duty that we allege was violated. They knew that their employee had a propensity for breaking the law. By allowing him to continue to serve in that position and to continue to break the law, they created a risk of harm to Garrett. That is the nub of what that cause of action is and what our allegations are. Based upon those allegations, I think the trial court erred in dismissing our complaint. And I would ask that this court reverse and remand for further proceedings. Thank you, Mr. French. You'll have an opportunity for rebuttal. Ms. Jones? I'm going to need your honor's counsel. As the plaintiff points out, the question in this case is whether the plaintiff has properly fled a cause of action that's independent of the sale of alcohol. And he makes his argument, and he's very careful in his argument about couching this in terms of an employee breaking the law and placing him in a position that he's going to break the law and, therefore, that they were negligent in retaining him. The problem with that as an argument is what the alleged action or particular unfitness is entirely relevant and crucial to the termination as to whether this case is preempted by the Draft Shot Act. Under a plaintiff's theory, if the person had been previously convicted of criminal sexual assault and the store owner knew that, placed him in that position, well, the store owner knew that he had a previous history and, quote, unquote, propensity to break the law because he committed criminal sexual assault in the past. And then he proceeds to sell alcohol to a person who's one month shy of 21, and that person goes out and gets in an accident, well, then, obviously, there's a negative retention claim that can be asserted because, although he didn't break the law in the same way, he did break the law and we knew about it, so negative retention. What that whole argument misses is the elements that are required to plead and prove negative retention. The employee, employer knew, and those elements are that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm for third persons, that such particular unfitness was known or should have been known at the time of the employee's hiring or retention, and this particular unfitness approximately caused the plaintiff's injury. Let me ask you this question. What about this argument that he makes about the Wakulich case and this refinement that Mr. Prince purges that has happened since where there have been separate causes of actions allowed under certain circumstances? I don't disagree, Your Honor. The courts have allowed independent causes of action that are clearly and truly independent of the sale of alcohol. Where they don't have the thrust of their case as the sale of alcohol, they've been allowed to proceed even though the sale of alcohol is somewhere in the fact pattern. The Wakulich case is a perfect example. The court was very specific in their ruling that the cause of action the plaintiff was attempting to assert was not because they sold or gave alcohol to this child who then got intoxicated and ultimately died. The cause of action, and the court was extremely careful to discuss this, was their actions after the child became intoxicated. The placement of a pillow under her head to avoid aspiration. The changing of her blouse. The active obstruction of other people in calling 911 or attempting to get her medical assistance. That case is based upon a voluntary undertaking, and when you voluntarily undertake a duty to protect somebody, in this case that's what they did. It took all of these actions to protect her, or what they thought was protecting her, and that caused her ultimate death was because they didn't get her the necessary medical attention. Well, what the court said was basically that it didn't matter if she got intoxicated someplace else or there. Right. If she would have just showed up at their house already intoxicated and the same fact pattern occurred, they still undertook to take care of her and there's a cause of action. Right. Basically, the court said because the duty owed is unrelated to and independent of the provision of alcohol, the court concluded that the Grand Shop Act did not grant the plaintiff's voluntary undertaking theory of liability. And the same thing could be said about the case outside of the strip club. Correct. If they would have just found the guy out there in the parking lot already intoxicated from someplace else and loaded him in the car and sent him off, they'd be in the same position. Correct. And the court specifically limited their holding incentives to those particular special set of circumstances. Like I said, we do not hold today that restaurants, parking lot attendants, or social hosts are required to honor their patrons and guests to determine whether they are intoxicated. We hold only that where S here intended his alleged to have removed a patron for intoxicated places the patron into a vehicle and requires him to drive off, such facts are sufficient to state a common law negligence cause of action that is not preempted by the Grand Shop Act. So he showed up at the premises drunk. He didn't buy alcohol. The alcohol wasn't given to him. The same fact pattern, which would not involve the sale of alcohol or the gift of alcohol, would still allow an independent cause of action because it's independent of the provision of alcohol. That is not the case in our court, in our fact pattern. The courts have held that to successfully plead a cause of action for negligent hiring or retention, it is not enough for the plaintiff to simply allege that an employee was generally unfit for employment. Rather, liability arises in this context when a particular unfitness of an employee gives rise to a particular danger among the third parties. The particular unfitness of an employee must have been the possible cause of the plaintiff's injury. In this case, what's the particular unfitness that he's alleging? That particular unfitness is they sold alcohol to a minor, to a person who's under the age of 21. He's conceded, plaintiff's counsel's conceded. There is no common law cause of action for the sale of alcohol to a minor. So absent, and so there's no common law cause of action. In this case, the legal duty the plaintiff claimed was violated, and which forms the basis of their claims of negligent retention, are legal duties that exist only by virtue of the Dranshaw Act. And this principle is clearly discussed in two Supreme Court cases involving the Human Rights Act, which I cite in my brief. Similar circumstance as to the issue in both of those cases was whether the plaintiff's cause of action was independent of a cause of action under the Human Rights Act, and the Human Rights Act exclusive trial courts don't have jurisdiction over those claims. In Geist v. Phoenix Company of Chicago, the suit was brought against the defendant on a theory of negligent hiring and retention. The basis of the claim was that the company's national sales manager, who was their supervisor, sexually harassed her and then caused her to be fired from her job as a sales representative. Trial court dismissed it on the basis that the circuit court had no jurisdiction for claims of sexual harassment because those were preempted by the Illinois Human Rights Act. And the Supreme Court agreed. The Supreme Court reviewed the language in the Human Rights Act and basically held that what they alleged was a civil rights claim of sexual harassment under the Act. And they concluded that the concept of sexual harassment is inextricably linked to the claims made by Geist. And absent the allegations of sexual harassment, Geist would have no independent basis for imposing liability on a former employer under the facts present. And although she framed the counts in terms of negligent hiring and negligent retention, the court held that the negligence allegations do not alter the fundamental nature of her cause of action, which was sexual harassment covered by human rights. Same here. Although they're trying to couch this claim in terms of negligent retention, it doesn't change the fundamental facts that they're claiming that the unfitness that gives rise to the cause for negligent retention is the sale of alcohol to a person that was 20 years old and 11 months. In a subsequent case of Maskevovich, and I know I'm butchering the name of that case, which was a 1997 case, the court again considered whether the Human Rights Act divested the Circuit Court of Jurisdiction to consider a claim as claims of assault, battery, and false imprisonment. So in this case, the claim wasn't just sexual harassment. They made comment on claims of assault and battery and false imprisonment. The court explained that in Geist, the allegations of negligence were premised on the allegation that the employer highly retained a manager who engaged in sexual harassment. And then they went on to say, the rule from Geist is not that the act precludes the Circuit Court from exercising jurisdiction over all tort claims related to sexual harassment. Rather, whether the Circuit Court may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action. In Maskevovich, the court found that because they alleged claims of assault, battery, and false imprisonment, where there were recognized common law causes of action that were separate and distinct from a claim of quote, unquote, civil harassment, sexual harassment, those claims were independent and were not granted. That is not the back pattern of our case. There's no common law cause of action for assailant alcohol. His claim depends on and is dependent upon the assailant alcohol for his cause of action because that's the alleged unfitness that we had a particular unfitness that we had allegedly had knowledge of and resulted in the plaintiff's injuries. So you can't separate this case from the assailant alcohol. Without the assailant alcohol, there is no claim. And I know I used an example in my brief, and I won't reiterate it. It's in my brief, that shows the distinction. In that example, I point out that an underage person comes to a bar. The person knows she's underage. He has a criminal history of sexual assault. He supplies her with alcohol, and when she goes to the restroom, he goes and sexually assaults her. In that case, the sale of alcohol is in the fact pattern, but that would be an independent cause that could survive because the unfitness that it would be alleged that we knew about was the previous criminal sexual assault of a minor who was intoxicated as opposed to the sale of alcohol. Counsel, this is not a case you're citing. This is just a hypothetical. This is a hypothetical, Your Honor. It's a hypothetical I used to show the distinction where a cause of action could be stated for the sale of alcohol to a minor or to a person underage for negligent retention or negligent in hiring. Because in my hypothetical, the unfitness, the particular unfitness that caused the injury was unrelated to the sale of alcohol. Because the claim is, and Your Honor, I've addressed all the other cases that were cited by the claimant. In each of those cases, the Hicks case, the Lessner case that they relied upon to show that there can be an independent cause of action stated even when alcohol is involved, all of those cases are distinguishable from ours because in each case, the court found that there was an independent duty that was unrelated to the sale of alcohol. That's not the fact pattern here. We'd ask that the court affirm the trial court's dismissal of the counts one, two, three, and four, which are the negligent retention claims based upon the fact that they're preempted by the Gramshot Act. And then we'd ask affirmance of the remaining counts of the complaint on the basis that they waived any appeal of those issues by not addressing them in their brief. Thank you, counsel. Mr. Prince, you're both. Thank you, Your Honor. Sexual assault is a crime that will allow a cause of action not be preempted by the Gramshot Act, even though it involves the sale of alcohol. Serving an underage customer is a crime that involves the selling of alcohol, and no cause of action should exist. That's the defendant's position with her hypothetical. In both cases, the negligent retention, the unfitness is the fact that he is breaking the law. He is known to break the law. That is the harm. That is the proximate cause. It doesn't matter whether he would sexually assault her, assault somebody, shoot them. All that matters is he breaks the law. They know he breaks the law. And as a result of breaking the law, somebody is injured. That's the nuts and bolts of a cause of action that we're alleging for the negligent retention or negligent hiring. The difficulty is, I mean, we get all the way back to Charles v. Siegfried, and the Supreme Court pointed out that the rationale underlying the rule preempting these kinds of cases is that the drinking of the intoxicant, not the furnishing of it, is the proximate cause of the intoxication and the resulting injury. And, I mean, we have that at play here. I can't run away from it. That's what Charles can say. It's a fine distinction you're trying to make. It is a very fine distinction. I readily admit that. But given these facts, given the fact that the defendant kept their employee in place when they knew that he had repeatedly sold. Now, remember, Halloween was not the first time he'd done this. He'd done this before with this same person. We don't know how many times he's done it because we've been deprived discovery. I mean, for all we know, he could have done it a thousand times. We don't know how many times that they were ticketed or charged criminally with this based on his conduct. We were deprived discovery given the stage at which we were dismissed. But it still comes down to that had they not put him in the position that he was in, this harm doesn't occur. That's sufficient, I think, for us to have this court reversed and remanded. I understand, and I acknowledge, I wish I had a different fact, but I don't. He sold alcohol to an underage person. But he did it because he was allowed to be in the position to do so. We're not asking this court to impose common law liability based upon the provision of alcohol. We're asking the court to impose civil liability on this defendant because they put an unfit person in position to sell alcohol to a minor. The alcohol, I understand, Your Honor, what you were asking about it being the actual cause, and that is the underlying premise, I think, of the Charles decision as to why we're not going to recognize common law cause of action. But we can remove that because under the negligence, I'm not going to say I'm going to let a trial. Jury might rule against me. They might not buy that the proximate cause was him being put in that position. But I think I'd get to go to trial. I think I'd get to conduct discovery. I've pled enough to escape and to plead around the preemption of the Dram Shop Act because our allegations, and it will be, the proximate cause of this injury was the fact, I got confused a while ago. I still have grief and I thought I was right out of time. Court is flat. The proximate cause, though, is the fact that he's in that position. That's the bottom line. That's what we allege. That's what we want to proceed on. Again, we'd ask you to reverse. Thank you. Thank you, counsel. We will take this under advisement and enter a decision in due course.